UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-23724-MOORE

FRITZ YATES DUQUE,

        Plaintiff,

v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security
Administration,[1]

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

**THIS CAUSE** comes before the Court upon Plaintiff Fritz Yates Duque's Motion for Attorney's Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), ECF No. 28, which has been referred to the undersigned by United States District Judge K. Michael Moore for appropriate disposition or recommendation.  ECF No. 29.

On June 24, 2021, the District Court adopted the undersigned's Report and Recommendation, granting the Defendant Commissioner of Social Security's Motion to Remand and denying Plaintiff's Motion for Summary Judgment as moot.  ECF No. 27.  Plaintiff now seeks an award of his attorney's fees incurred in this case under the EAJA, 28 U.S.C. § 2412, and Defendant does not oppose the Motion.  ECF No. 28.  Upon review of the Motion, the docket as a whole, and observing that the Motion is unopposed, I hereby **RECOMMEND** that Plaintiff's Motion be **GRANTED**.

    **I.**      **DISCUSSION**

In relevant part, the Act states the following:

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted, therefore, for Andrew Saul as the defendant in this suit.

> [A] court shall award to a prevailing party ... fees and other expenses ... incurred by that party in any civil action ..., including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

*Taylor v. Heckler*, 778 F. 2d 674, 675 (11th Cir. 1985) (quoting 28 U.S.C. § 2412(d)(1)(A)). Here, Plaintiff asserts, and Defendant does not dispute, that he is the prevailing party, that Defendant's position was not substantially justified, and Plaintiff's net worth at the time the proceeding was filed was less than two million dollars. ECF No. 28. The only remaining question is thus whether Plaintiff's requested attorney's fees are reasonable.

Plaintiff seeks $5,764.49 in attorney's fees, arising from a total of 26.8 hours spent litigating this case from September 2020 through July 2021. ECF No. 28-2. Though the EAJA sets a ceiling of $125 per hour for attorney's fees, courts may raise the ceiling based on increases in the cost of living. *See* 28 U.S.C. § 2412(d)(2)(A)(ii). Plaintiff asserts, and Defendant does not dispute, that the Consumer Price Index supports an upward adjustment of the attorney's fee rate to $207.78 per hour for 2020 services and $216.12 per hour for services provided in 2021. ECF No. 28-1 at 3-4 (noting that the market rate is higher still than the cost of living adjustment sought here).

Given the unopposed nature of the Motion, and having reviewed Plaintiff's counsel's itemized time entries, experience, and reputation, ECF Nos. 28; 28-1; 28-2; 28-3, the undersigned finds Plaintiff's request for attorney's fees to be reasonable. *See Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 (1984)) ("A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."); *see also Stokes v. Saul*, 20-CV-61485, 2021 WL 3019496, at *1 (S.D. Fla. July 7, 2021) (adopting recommendation that plaintiff's request for attorney's fees and costs be granted in full given the United States' lack of opposition); *Carter v. Comm'r of Soc. Sec.*, No. 6:13-CV-931-ORL-22, 2014 WL 5454391, at *1

(M.D. Fla. Oct. 27, 2014) (same); *Washington v. Comm'r of Soc. Sec.*, No. 8:08-CV-1614-T-27TGW, 2010 WL 256549, at *2 (M.D. Fla. Jan. 21, 2010) (same); *Torres v. Comm'r of Soc. Sec.*, No. 6:07-CV-1384-ORL-18KRS, 2009 WL 35282, at *1 (M.D. Fla. Jan. 6, 2009) (same).

## II. CONCLUSION

Accordingly, the undersigned respectfully **RECOMMENDS** that the Motion be **GRANTED**. Plaintiff should be awarded a total of $5,764.49 in attorney's fees, to be paid to Plaintiff's counsel once the U.S. Department of the Treasury determines that Plaintiff owes no debt to the United States.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable K. Michael Moore, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers on this 8th day of October, 2021.

LAUREN FLEISCHER LOUIS
UNITED STATES MAGISTRATE JUDGE

cc: All Counsel of Record